

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -1  PM 4: 03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company    )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>EMMA GUILLORY, doing business as  )<br>SILVER DREAMS and/or  )<br>EMMA ENTERPRISES  )<br>  )<br>  Defendant.  ) | CIVIL ACTION NO.<br><br>SECTION "    "   **06-0497**<br>JUDGE<br><br>MAGISTRATE  SECT. D **MAG 3**<br>MAG. JUDGE |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Silver Dream L.L.C., alleges the following in support of its Complaint:

1. This action arises from Defendant Emma Guillory's ("Guillory") adoption and use of Plaintiff's SILVER DREAM trademark as her trade name and trademark.

2. Plaintiff seeks preliminary and permanent injunctive relief and damages for injuries that have been and will continue to be caused by such use in violation of the Lanham Act (15 U.S.C. §§ 1051-1127, *et seq.*), the Louisiana Trademark Act (La. R.S. § 51:222), the Louisiana Unfair Trade Practices Act (La. R.S. § 51:1401) and unfair competition under Louisiana law.



{N1444928.1}

## I. JURISDICTION AND VENUE

3. The action arises under the trademark and false designation of origin law of the United States, Title 15, *United States Code*, the Louisiana trademark infringement statutes, La. R.S. §§ 51:222 and 51:223.1, Louisiana's Unfair Trade Practices Act, La. R.S. § 51:1401 and Louisiana's unfair competition law. The jurisdiction of this Court is founded upon 15 U.S.C. §§ 1114, 1116, 1117, 1118, 1121, 1125(a) and 1125(c). The court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

4. Venue lies in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) and (c). Upon information and belief, Guillory transacts business in the Eastern District of Louisiana and may otherwise be found there, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## II. THE PARTIES

5. Plaintiff Silver Dream, L.L.C. is a Louisiana limited liability company having its principal place of business at 8004 Willow Street, New Orleans, Louisiana. Plaintiff designs, markets and sells jewelry. Plaintiff's products are sold throughout the United States, including the Eastern District of Louisiana.

6. Upon information and belief, defendant Emma Guillory is an individual residing at 1222 Cornerview, #8, Gonzales, Louisiana. Guillory currently operates a business located in the Mall of Louisiana, Baton Rouge, Louisiana, under the tradename SILVER DREAMS. Guillory's business sells jewelry similar in design and type to that sold by Plaintiff.

## III. PLAINTIFF'S BUSINESS AND SILVER DREAM TRADEMARK

7. Plaintiff has been continuously using the SILVER DREAM trademark in connection with its jewelry at least as early as 2001.

8.  Plaintiff has filed an application for registration of the SILVER DREAM trademark with the United States Patent and Trademark Office.

9.  Through Plaintiff's extensive use of the SILVER DREAM mark, Plaintiff also owns common law trademark rights in its SILVER DREAM trademark.

10. Plaintiff has devoted substantial resources to advertise and promote its products under the SILVER DREAM trademark.

### IV. DEFENDANT'S INFRINGEMENT

11. Upon information and belief, Defendant Guillory operates a commercial business in the Mall of Louisiana, located in Baton Rouge, Louisiana, under the tradename SILVER DREAMS. Guillory's business name is nearly identical to Plaintiff's trademark - the only difference is that Guillory has added an "s" to her business name. Guillory's business sells jewelry similar in design and type to that offered by Plaintiff under the SILVER DREAM trademark.

12. Shortly after learning of Guillory's use of the SILVER DREAMS name, in December 2005, Plaintiff expressed its concerns that Guillory's use of SILVER DREAMS was causing confusion among customers and, if Guillory's use was not discontinued, additional confusion was likely. Plaintiff also communicated its concerns in writing. A copy of Plaintiff's letter to Guillory is attached as Exhibit 1.

13. To date, despite these attempts to explain Plaintiff's position and amicably resolve this dispute, Guillory has failed to change her business' name and mark, leaving Plaintiff no choice but to file this Complaint.

### FIRST CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(A))

14. Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 13 of this Complaint.

15. Guillory's use of SILVER DREAMS in connection with the marketing, distribution and sale of its goods falsely suggests that these services are connected with, sponsored by, affiliated with, or related to Plaintiff's SILVER DREAM mark.

16. Guillory's use of SILVER DREAMS constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

17. Guillory's conduct makes this an exceptional case, and entitles Plaintiff to recover damages, attorney's fees and costs pursuant to 15 U.S.C. § 1117(a).

18. Guillory's conduct has caused and, unless enjoined, will continue to cause Plaintiff to suffer irreparable and continuous loss, damage and injury to its goodwill and business reputation.

19. Monetary damages will not provide full and adequate relief for all of Plaintiff's injuries from Guillory's conduct and Plaintiff is therefore entitled to an injunction under 15 U.S.C. § 1116(a).

### SECOND CAUSE OF ACTION
### INFRINGEMENT UNDER LOUISIANA LAW
### (LA. R.S. § 51:222)

20. Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 19 of this Complaint.

21. Guillory's acts described above constitute trademark infringement in violation of La. R.S. § 51:222, as they are likely to deceive the public.

22. Guillory's acts of trademark infringement have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law for Guillory's trademark infringement.

23. Plaintiff is entitled to a judgment enjoining and restraining Guillory from engaging in further infringement.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION UNDER LOUISIANA LAW

24. Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 23 of this Complaint.

25. Guillory's conduct constitutes deception, by means of which its services have been palmed off as those of Plaintiff, whereby consumers have been deceived and Guillory has received profits which, but for such deception, it would not have received. Such conduct constitutes unfair competition in violation of the law of Louisiana.

26. Plaintiff has used the distinctive SILVER DREAM mark throughout the United States in connection with its jewelry for more than 5 years. By reason of Plaintiff's longstanding and extensive use, the SILVER DREAM mark has become uniquely associated with Plaintiff.

27. Guillory's use of SILVER DREAMS has caused or is likely to cause confusion or mistake or to deceive customers, consumers, the general public and the retail trade as to the affiliation, connection or association between Plaintiff and Guillory, and as to the origin, sponsorship, or other association of Plaintiff's goods and services and the services offered by Guillory.

28. Guillory's unlawful conduct has been and continues to be willful, or willfully blind and knowing or with reason to know.

29. Guillory's unlawful conduct has caused and will continue to cause Plaintiff substantial injury, including injury to Plaintiff's goodwill and reputation as purveyors of quality goods and services. Plaintiff has no adequate remedy at law for Guillory's unfair competition.

30. Plaintiff is entitled to a preliminary and permanent judgment enjoining and restraining Guillory from engaging in further unfair competition and for all resulting damages.

### FOURTH CAUSE OF ACTION
### LOUISIANA UNFAIR TRADE PRACTICES ACT
### (LA. R.S. § 51:1401)

31. Plaintiff realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 30 of this Complaint.

32. Guillory's false and misleading designations and misrepresentations of origin have deceived consumers and Guillory has received profits which, but for such deception, it would not have received. Guillory's conduct constitutes unfair trade practices and unfair methods of competition in violation of La. R.S. § 51:1401, *et seq.*

33. Guillory's unlawful conduct has been and continues to be willful, or willfully blind, and knowing or with reason to know.

34. Guillory's unlawful conduct has caused and will continue to cause Plaintiff substantial injury, including injury to Plaintiff's goodwill and reputation as purveyors of quality goods and services. Plaintiff has no adequate remedy at law for Guillory's infringement and unfair competition.

35. Plaintiff is entitled to a preliminary and permanent judgment enjoining and restraining Guillory from engaging in further unfair trade practices and any and all damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A.  A judgment, pursuant to 28 U.S.C. § 2201 declaring that Guillory, her agents, servants, employees, and representatives and all other persons, firms or corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from:

(1) Using in any manner the SILVER DREAM trademark and trade name or any mark or name that in any way is likely to cause confusion with the SILVER DREAM mark, including but not limited to SILVER DREAMS;

(2) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of the public as to the source of its services, or likely to deceive members of the public into believing that there is some connection between Guillory and Plaintiff;

(3) Otherwise infringing Plaintiff's rights in the SILVER DREAM mark;

(4) Using in any manner the SILVER DREAM trade name and trademark;

(5) Engaging in deceptive trade practices or otherwise unfairly competing with Plaintiff and misappropriating Plaintiff's intellectual property, including Plaintiff's trademarks and trade name and any variations thereof;

B.  A judgment ordering Guillory, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Guillory has complied

with the injunction and implemented adequate and effective means to discontinue use of the SILVER DREAM trademark;

C. A judgment ordering Guillory, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction, of all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, advertisements, promotional items, literature, sales ads, receptacles or other matter in the possession, custody, or under the control of Guillory or its agents or distributors bearing the SILVER DREAMS trade name and trademark, both alone and in combination with other words or terms, and all plates, molds, matrices, and other means of making the same;

D. A judgment, as to all Counts, awarding compensatory damages suffered, plus interest, in an amount to be determined;

E. A judgment that Plaintiff be awarded three times Guillory's profits or three times Plaintiff's monetary damages, whichever is greater, together with its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and (b);

F. A judgment that Guillory account for and disgorge to Plaintiff all the profits realized by Guillory, or others acting in concert or participating with Guillory, resulting from Guillory's acts of trademark infringement, trademark dilution and unfair competition;

G. A judgment that Plaintiff recover the costs of this action plus interest; and

H.   A judgment that Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
GREGORY D. LATHAM (LA Bar No. 25955)
JONES, WALKER, WAECHTER, POITEVENT
  CARRÈRE AND DENÈGRE, L.L.P.
201 St. Charles Ave., 49th Floor
New Orleans, LA  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8420

**Attorneys for Plaintiff, Silver Dream, L.L.C.**


# JONES
# WALKER

Gregory D. Latham
Direct Dial 504-582-8420
Direct Fax 504-589-8420
glatham@joneswalker.com

November 15, 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Silver Dreams
Mall of Louisiana
6401 Bluebonnet Blvd.
Baton Rouge, LA  70836

Dear Sir or Madam:

This law firm represents Silver Dream, L.L.C. ("Silver Dream") with respect to the company's intellectual property rights. For more than five years, my client has consistently used the trademark SILVER DREAM in connection with the sale of its jewelry and associated products.

It has recently come to our attention that you are using the mark SILVER DREAMS in connection with your jewelry business. Obviously, use or exploitation of a mark that is exact or similar to my client's trademarks is of great concern to us. In particular, your use of the SILVER DREAMS mark is likely to cause confusion among customers who may believe that you are somehow affiliated with my client or that my client authorizes, sponsors or endorses your goods and services offered in connection with the SILVER DREAMS mark.

Your use of a mark that is likely to cause confusion among consumers constitutes infringement in violation of federal and state law, specifically the federal Lanham Act, 15 U.S.C. §1125 *et seq*. Federal and state law provides numerous remedies for trademark infringement and dilution, including, but not limited to, preliminary and permanent injunctive relief, monetary damages (including recovery of your profits) and attorney's fees.

We prefer to resolve this matter without taking any legal action.  **Please have a representative of your company, or your company's lawyer, contact me within ten (10) days of receipt of this letter so we may discuss what steps can be taken to resolve this matter.** Please be assured that Silver Dream, L.L.C. takes matters involving its intellectual property very seriously and, if forced to do so, will take all steps necessary to protect its rights.

---

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE · NEW ORLEANS, LOUISIANA 70170-5100 · 504-582-8000 · FAX 504-582-8583 · E-MAIL info@joneswalker.com  www.joneswalker.com
{N1425789.1}    BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    WASHINGTON, D.C.

Silver Dreams
November 15, 2005
Page 2

    I look forward to hearing from you. I can be reached at the telephone and fax numbers or e-mail address listed above.

                      Very truly yours,

                      Gregory D. Latham

GDL/jmd
cc:    Mall of Louisiana
        Attn: Stacey Whitecotton **(Via Certified Mail, Return Receipt Requested)**
        Silver Dream, L.L.C.

{N1425789.1}

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provied by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SILVER DREAM, L.L.C., a Louisiana Limited Liability Company

**DEFENDANTS**
EMMA GUILLORY, d/b/a SILVER DREAMS and/or EMMA ENTERPRISES

(b) County of Residence of First Listed Plaintiff: **Orleans**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Ascension**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory D. Latham
Jones, Walker, Waechter, Poitevent, Carrere & Denegre
201 St. Charles Avenue, 49th Fl.
New Orleans, LA 70170
(504) 582-8000

Attorneys (If Known)

SECT.D MAG 3

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane — [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability — [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander — [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine — **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability — [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle — [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability — [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury — [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA(1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting — [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(8)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations — **Habeas Corpus:** |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare — [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability |  — [ ] 535 Death Penalty |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment — [ ] 540 Mandamus & Other |  |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other — [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights — [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1051, et seq. Lanham Act
Brief description of cause: Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE _____ DOCKET NUMBER _____

DATE: Feb 1 2006
SIGNATURE OF ATTORNEY OF RECORD: Greg L.

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____